Timothy K. Conde (10118)
timothy.conde@stoel.com
Joshua G. Gigger (12100)
josh.gigger@stoel.com
STOEL RIVES LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT  84111
Telephone:  (801) 328-3131

*Attorneys for Plaintiff Ultradent Products, Inc.*

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ULTRADENT PRODUCTS, INC., a Utah corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>INTER-MED, INC. a Wisconsin corporation doing business as Vista Dental Products,<br><br>            Defendant. | **COMPLAINT AND JURY DEMAND**<br><br><br>Case No.<br><br>The Honorable |

Plaintiff Ultradent Products, Inc. hereby complains against defendant Inter-Med, Inc., and for its causes of action alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Ultradent Products, Inc. ("Ultradent") is a Utah corporation with its principal place of business located at 505 West 10200 South, South Jordan, Utah 84095.

2.      Inter-Med, Inc. is a Wisconsin corporation doing business as Vista Dental Products ("Vista") with a principal place of business in Wisconsin.

3.     The Court has personal jurisdiction over Vista because Vista has purposefully availed itself of the Utah forum and Ultradent's causes of action arise out of actions Vista has taken in Utah.

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as it involves a federal question, and pursuant to 28 U.S.C. § 1338 as it involves claims under the Lanham Act, 15 U.S.C. § 1125(a).

5.     This Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367 because they form part of the same case or controversy.

6.     This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000.

## GENERAL ALLEGATIONS

**A.     Ultradent's Business.**

7.     Ultradent develops, manufactures, markets, and sells various products used in dental and orthodontic practices globally.  Ultradent is recognized as an innovative leader in the dental industry.

8.     Ultradent's developments and products have significantly contributed to its relationship with its customers, goodwill, and its overall presence in national and international markets.

9.     Ultradent has invested substantial time and resources to grow its market share.  As a result, Ultradent has customers and does business throughout the world.

10.    Ultradent has earned an impeccable reputation for both the efficacy of its products and its integrity.  For example, in 2015 and 2016, Ultradent was selected from over 3,000

2

companies to receive the Golden Hands Award of Xcellence for Ethics and Truth in Advertising. Nominees were selected based on criteria that included ethical conduct, placement of public health before profits, dependable products, knowledgeable personnel, and excellent customer service.  The nominees were voted on by thousands of practicing dentists nationwide.

### 1.      Ultradent's VALO LED Curing Light Trade Dress.

11.      One product Ultradent developed and sells is its VALO® LED Curing Light (the "VALO Light").  The VALO Light is an award-winning curing light product that is critical to Ultradent's success.  Indeed, it has captured "best of class" and "top 50" awards from various organizations.

12.      Since at least as early has 2009, Ultradent has marketed and sold the VALO Light using highly distinctive trade dress (the "VALO Light Trade Dress").  The VALO Light Trade Dress includes, for example, the trade dress shown in the following advertisement:



13.     Additional examples of VALO Light advertisements are attached as Exhibit A.

14.     Ultradent owns all right, title, and interest in and to the VALO Light Trade Dress.

15.     Ultradent has established valuable trademark rights and goodwill in the VALO Light Trade Dress by virtue of its exclusive and continuous use of the VALO Light Trade Dress since at least as early as 2009, the expenditure of significant sums in advertising and promotional activities under the VALO Light Trade Dress, and the substantial sales of products under the VALO Light Trade Dress.  As a result, the VALO Light Trade Dress has acquired secondary meaning and dental professionals recognize the VALO Light Trade Dress as being distinctive, and as an identifier of Ultradent's high-quality VALO Light.

### 2.     Ultradent's Family of ULTRA-Formative Marks.

18.     Since at least as early as 1988, Ultradent has established and developed a family of ULTRA-formative marks in connection with its dental products.

19.     Ultradent's ULTRA-formative marks include: ULTRADENT, ULTRA-ETCH, ULTRAEZ, ULTRAPAK, ULTRAPAK E, ULTRAPRO, ULTRASEAL XT, ULTRATEMP, ULTRATEMP REZ, ULTRACEM, ULTRAWAVE, ULTRAFIT, ULTRA-TRIM, ULTRAVAC, ULTRATECT, ULTRACAL, ULTRCID, ULTRACARE and ULTRASEP III (collectively, the "ULTRA Family of Marks")

20.     For nearly 30 years, Ultradent has marketed and sold a variety of dental products in connection with the ULTRA Family of Marks, including, without limitation, etchants, gel trays, cords, instruments, prophy paste, dental handpieces, disposable prophy angles, motors, sealants, temporary cement, dental cement, dental trays, scissors, vacuum formers, safety glasses, mold releases, and other dental products.

21.     The marks in the ULTRA Family of Marks are inherently distinctive and Ultradent is the exclusive owner of all right, title, and interest in and to the ULTRA Family of Marks, including the following valid and enforceable registrations with the U.S. Patent and Trademark Office ("USPTO"):

| MARK | APP NO./ REG NO. | GOODS/SERVICES |
|---|---|---|
| ULTRA-ETCH | 73/569,382 / 1,402,813 | Class 5: phosphoric acid gel in dispenser syringes for use in dental applications. |
| UltraEZ | 75/520,545 / 2,279,262 | Class 5: dental compositions for use by dentists, namely, desensitizing gel. |
| ULTRAPAK | 74/259,612 / 1,761,209 | Class 10: dental retraction cords. |
| ULTRAPRO | 77/370,781 / 3,573,741 | Class 3: dental compositions, namely, prophy paste for cleaning teeth. Class 10: dental products, namely, dental hand piece and disposable prophy angles. |
| ULTRASEAL XT | 74/405,208 / 1,826,080 | Class 5: dental compositions; namely, a resin-filled, composite-like sealant used for the sealing of pits and fissures. |
| ULTRATEMP | 75/669,844 / 2,601,571 | Class 5: dental composites, namely temporary cement used for cementing crowns and other dental work. |
| ULTRACEM | 85/404,654 / 4,223,072 | Class 5: dental cement. |
| ULTRAWAVE | 86/110,493 / 4,736,112 | Class 10: Endodontic apparatus; Dental and endodontic instruments, namely, piezo ultrasonic generators, scalers, hand pieces, tips, files, probes, polishers and irrigators. |
| ULTRADENT | 86/882,822 / 5,062,579 | Class 3: Tooth whitening kits; tooth whitening gels and preparations; pre-filled dental trays for applying whitening compositions to teeth; toothpaste; cosmetic preparations for the care of mouth and teeth. Class 5: dental abrasives; dental adhesives; dental etchants used for treating the surface of teeth and not used in manufacturing purposes; dental anesthetics for desensitizing teeth and gums; primer materials for dental purposes; dental disinfecting and antibacterial solutions and slurries for intraoral use; dental paste for polishing and cleaning teeth to be used on prophy angle instruments; tooth prophylactics; dental cements; dyes for indicating the presence of caries in teeth; dental compounds in the nature of dental caulk and putty; dental ceramics; dental composite materials; dental hemostatic solutions and gels; dental impression materials; dental polish; dental porcelain materials; dental resin cements; dental composites and resins for bridges, crowns and veneers; dental restoration compounds; |

93835349.2 0046867-00042

| MARK | APP NO./ REG NO. | GOODS/SERVICES |
|---|---|---|
| | | dental varnish; anti-cavity dental coating preparations containing fluoride; dental veneers; desensitizing gels for dental use; dental sealants; teeth filling materials; pre-filled dental trays for applying dental compositions to teeth; dental compositions, namely, polymerizable resin material for isolating oral issue; dental compounds used in endodontic procedures.<br><br>Class 10: dental curing lights; dental handpieces; dental drills; dental bite trays; dental burs; dental dams; dental impression trays; dental instruments, namely, syringes, tips, cannulas, irrigators, articulators, polishers, prophylaxis cups and angles, mouth props, tongue guards, intercoronal and interproximal brushes and cleaners, dental rubber dams and shade guides; dental apparatus, namely, dental retraction cord; dental apparatus for displacing oral tissue away from the teeth; dental picks; endodontic apparatus; endodontic instruments, namely, peizo ultrasonic generators, scalers, handpieces and tips for ultrasonic irrigation; dental instruments for use in cutting and removing soft tissues; lasers for dental use; endodontic files for use in root canal therapy procedures; orthodontic appliances; dental matrix bands and retainers; orthodontic appliances; orthodontic brackets; braces for teeth; buccal tubes and bands for orthodontic use; orthodontic archwires; holders specially adapted for orthodontic retainers. |
| ULTRACAL | 75/147,564 / 2,075,755 | Class 5: dental preparations, namely, a paste used as an endodontic treatment dressing or for pulp capping. |
| ULTRACID | 75/123,070 / 2,057,461 | Class 5: dental preparations, namely, solutions for disinfecting and cleansing areas of the teeth prepared for restoration. |
| ULTRADENT | 74/653,801 / 1,956,381 | Class 3: toothpaste. |
| ULTRADENT | 74/232,799 / 1,768,335 | Class 5: dental tissue management kits for crown preparation consisting primarily of hemostatic solution, applicators, and retraction cords; dental preparations; namely, polish for restoring dental composite, amalgams and castings, diamond polishing agent for polishing dental porcelain, porcelain etching agent, silanes as wetting agents, [ polyacrylic dentin conditioner, ] drying agent, dentin indicator, dentin sealant, enamel bonding resin, a solution for preventing instruments from sticking to dental composite during contouring procedures, and a light-curing resin for dental application; kits consisting of dental preparations for porcelain etching.<br><br>Class 9: protective eyeglasses.<br><br>Class 10: dental kits consisting primarily of dental burs, stainless trays for use in taking dental impressions, and sheets used in forming custom dental trays used in dental bleaching kits. |
| ULTRADENT | 73/545,324 / 1,376,854 | Class 5: hemostatic agents for use in detnal applications. |
| ULTRA-BLEND | 73/830,843 / 1,599,174 | Class 5: Calcium and fluoride light cure dentin liner and base material. |
| ULTRACARE | 73/711,819 / 1,506,991 | Class 10: Topical anesthetic for dental use. |

Copies of USPTO records for the ULTRA Family of Marks are attached as Exhibit B.

22.     Ultradent has established valuable trademark rights and goodwill in the ULTRA Family of Marks by virtue of the use and registration of such marks, the expenditure of significant sums in advertising and promotional activities under those marks, and the substantial sales of products offered under those marks.

23.     The ULTRA Family of Marks has achieved widespread public exposure, such that consumers readily associate the ULTRA Family of Marks with Ultradent.  Ultradent has accomplished this through significant promotional activities including using the ULTRA Family of Marks in connection with print advertisements, Ultradent's website, web advertising, social media campaigns, educational and promotional events, and in connection with trade shows.

24.     Ultradent's products offered, sold, and advertised in connection with the ULTRA Family of Marks have generated substantial revenues.  As a result, Ultradent has expended considerable resources in developing its intellectual property and perfecting its rights thereto. Because of those efforts, Ultradent's intellectual property has become extremely valuable.

**B.      Vista's Infringement of Ultradent's Trade Dress and Trademark Rights.**

25.     Vista directly competes with Ultradent in marketing and selling dental products.

26.     For years, as Ultradent innovated and created reliable, high-quality products, Vista subsequently introduced seemingly "comparable" products.  In fact, Vista has even included pictures of Ultradent's products on Vista's website and print advertisements, passing them off as Vista's products

27.     Vista's imitation products are, however, inferior to Ultradent's originals.

28.     Vista's advertising reveals that it aggressively and expressly targets Ultradent and Ultradent's customers.

7

29.     For example, Vista's print advertisements are replete with references to Ultradent and its products.  Many of Vista's product descriptions say "Compare to Ultradent" and then include Ultradent's original product name.

30.     The advertisements also calculate purported savings by comparing Ultradent's MSRP (without any applicable volume pricing) against Vista's bulk price for its imitation products.

31.     Further, Vista's website's homepage includes six prominent tabs at the top of the page.  The sixth tab reads: "Compare To: Ultradent Products."  The tab is hyperlinked to a page also entitled "Compare To: Ultradent Products."

32.     That page provides that a user may "[e]nter an Ultradent Product name or number into the search bar to view comparable products."

33.     When a user enters an Ultradent product name into the search bar, the search result is Vista's imitation product.

34.     On information and belief, in connection with Vista's competition with Ultradent, and repeated introduction of "comparable" products after Ultradent, Vista acquired actual knowledge of Ultradent, the VALO Light Trade Dress, and the ULTRA Family of Marks.

35.     Despite that knowledge Vista adopted, promoted and offered its competing products in connection with trademarks and trade dress likely to cause confusion, mistake, and/or deception as to the source and/or origin of Vista's products.

36.     Vista's products and advertisements attempt to trade on Ultradent's hard-earned goodwill and reputation by using trade dress and marks that are identical to and/or likely to cause confusion with Ultradent's trade dress and ULTRA Family of Marks.

####    1.    Vista's Infringement of VALO Light Trade Dress

37.    Vista markets and sells an LED cure light by the name VALIANT (the "VALIANT Light").

38.    Vista's VALIANT Light directly competes with Ultradent's VALO Light.

39.    Vista's advertisements for the VALIANT Light (the "VALIANT Advertisements") copy Ultradent's VALO Light Trade Dress.  The VALIANT Advertisements include, for example, the following:



40.    Additional examples of VALIANT Advertisements that infringe upon the VALO Trade Dress include, but are not limited to, those attached as Exhibit C.

93835349.2 0046867-00042

41.     The VALIANT Advertisements are a transparent attempt to trade on Ultradent's goodwill.

42.     The similarities to the VALO Light Trade Dress are immediately apparent and include, without limitation, the following:

- Featuring the VALIANT name in white san-serif all-caps font just as the name VALO appears in Ultradent's advertisements.

- Surrounding the "V" in VALIANT with a ring using an identical shade of blue as the ring surrounding the "O" in VALO.

- Setting the advertisement against an all-black background.

43.     The VALIANT Advertisements have a strikingly similar commercial impression to the VALO Light Trade Dress.  Vista's use of the VALO Light Trade Dress in its VALIANT Advertisements to promote a product that directly competes with the VALO Light is likely to create confusion, mistake, and/or deception as to the association, sponsorship, and/or connection between Ultradent and Vista and their respective products.

44.     On information and belief, Vista uses the VALIANT Advertisements to sell products in the Utah forum via its website and print advertisements.  Ultradent understands that Vista's VALIANT Advertisements were sent in print to Utah residents and Vista has generated sales in Utah based on the VALIANT Advertisements.

**2.      Vista's Infringement of the ULTRA Family of Marks.**

45.     Notwithstanding Vista's prior knowledge of Ultradent's established rights in the ULTRA Family of Marks, Vista markets and sells dental products in connection with an

93835349.2 0046867-00042

ULTRA-formative trademark, for example, the EndoUltra and UltraFlo.  Both the EndoUltra and EndoFlo compete with Ultradent products.

46.     Not only did Vista brand products with an ULTRA-formative mark, it also intentionally emphasized the "Ultra" portion of the marks to trade on Ultradent's goodwill in the ULTRA Family of Marks.

47.     For example, Vista separates the "Ultra" portion of its products' names with a thin, linear vertical graphic.

48.     Vista also emphasizes the "Ultra" portion of the marks by featuring the phrases "Ultra Efficient," "Ultra Sonic" and "Ultra Effective" in large typeface with the "Ultra" in bold text.  Examples of Vista's advertisements for the EndoUltra and UltraFlo are attached hereto as Exhibit D.

49.     The ENDO-ULTRA and ULTRA-FLO marks have a strikingly similar commercial impression to the ULTRA Family of Marks.

50.     Vista's use of marks similar to the ULTRA Family of Marks with its products and associated promotional materials is likely to create confusion, mistake, and/or deception as to the association, sponsorship, and/or connection between Vista and/or its products and Ultradent and its products.

51.     On information and belief, Vista uses the infringing marks to sell products in the Utah forum via its website and print advertisements.  Ultradent understands that advertisements containing the infringing marks were sent in print to Utah residents and Vista has generated sales in Utah based on those advertisements.

C.      **Vista's Continued Use of Ultradent's Trade Dress and the ULTRA Family of Marks Harm Ultradent.**

52.     If Vista is permitted to continue to use trade dress and marks deceptively similar to Ultradent's trade dress and ULTRA Family of Marks, Ultradent will continue to suffer irreparable harm and damage to its intellectual property.  Vista should not be permitted to reap the benefits of Ultradent's extensive efforts to build a valuable and trusted brand in its trade dress and ULTRA Family of Marks.

53.     Vista's use of the VALO Light Trade Dress and ULTRA Family of Marks is also detrimental to the public's interest in being free from confusion as to the source, sponsorship, and/or affiliation between Vista's products and Ultradent's products.

54.     Specifically, Vista's use of the VALO Light Trade Dress and the ULTRA Family of Marks is likely to cause confusion, mistake, and/or deception as to the source and/or origin of Vista's products and is likely to falsely suggest a sponsorship, connection, license, and/or association of Vista and/or its products with Ultradent and/or its products.

## FIRST CAUSE OF ACTION
### (Trade Dress Infringement)

55.     Ultradent incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

56.     Ultradent's VALO Light Trade Dress, as described above, is protectable and is inherently distinctive or has acquired distinctiveness through secondary meaning.

57.     Vista's use of the VALO Light Trade Dress in its advertising of the VALIANT Light is likely to cause confusion as to source, sponsorship, affiliation, or connection with Ultradent and/or the VALO Light.

58.     As a direct and proximate result of Vista's wrongful acts, Ultradent has suffered and will continue to suffer damage to its business reputation and goodwill.

59.     Vista's continued use of the VALO Light Trade Dress will cause irreparable damage to Ultradent.  Ultradent has no adequate remedy at law and is entitled to an injunction restraining Vista, its officers, agents, employees, and all persons acting in concert with Vista, from engaging in further acts of trade dress infringement.

60.     On information and belief, Vista's actions were taken with knowledge of Ultradent's rights, and thus constitute deliberate, willful, and intentional infringement.  As a result, Ultradent is entitled to treble damages and attorneys' fees.

### SECOND CAUSE OF ACTION
**(False Designation of Origin Under 15 U.S.C. § 1125(a))**

61.     Ultradent incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

62.     Vista's actions as alleged herein constitute a false designation of origin, affiliation, or sponsorship in violation of 15 U.S.C. § 1125(a).

63.     Vista's use of the ULTRA Family of Marks is likely to cause confusion and constitutes a false designation of origin, affiliation, and/or sponsorship, and a false designation or representation that wrongfully and falsely designates Vista's products and services as originating from the same source as those of Ultradent, or as being associated, affiliated, or connected with or approved or sponsored by Ultradent.

64.     Vista's use of VALO Light Trade Dress in its advertising of the VALIANT Light is also likely to cause confusion and thus constitutes a false designation of origin, affiliation, and/or sponsorship, and a false designation or representation that wrongfully and falsely

13

designates Vista's products and services as originating from the same source as those of Ultradent, or as being associated, affiliated, or connected with or approved or sponsored by Ultradent.

65.     As a direct and proximate result of Vista's wrongful acts, Ultradent has suffered, is suffering, and will continue to suffer and/or is likely to suffer damage to its trademarks, business reputation, and goodwill.

66.     Vista's continued use of the ULTRA Family of Marks will cause irreparable damage to Ultradent.  Ultradent has no adequate remedy at law and is entitled to an injunction restraining Vista, its officers, agents, employees, and all persons acting in concert with Vista, from engaging in further acts of false designation of origin, affiliation, or sponsorship.

67.     On information and belief, Vista's actions were taken with knowledge of Ultradent's rights, and thus constitute deliberate, willful, and intentional infringement.  As a result, Ultradent is entitled to treble damages and attorneys' fees.

## THIRD CAUSE OF ACTION
### (Trademark Infringement Under 15 U.S.C. § 1114)

68.     Ultradent incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

69.     Ultradent is the exclusive owner of all right, title, and interest in and to the ULTRA Family of Marks, including, without limitation, valid and enforceable registrations for the ULTRA Family of Marks as set forth in the preceding paragraphs.

70.     Vista's use of the ULTRA Family of Marks is likely to cause confusion and thus constitutes infringement of a registered mark in violation of 15 U.S.C. § 1114.

14

71.     Vista has used the ULTRA Family of Marks in connection with goods, which Vista has placed in interstate commerce by, among other things, marketing, selling, and distributing its products throughout the United States.

72.     Because Ultradent and Vista offer similar products, Vista's use of the ULTRA Family of Marks is likely to cause confusion or mistake, or to deceive, in violation the Lanham Act, 15 U.S.C. § 1114.

73.     Vista's use of the ULTRA Family of Marks is also likely to cause initial interest and other confusion among customers and potential customers of Ultradent's goods and services.

74.     On information and belief, as a direct and proximate result of Vista's wrongful acts, Ultradent has suffered, is suffering, and will continue to suffer damages to its business reputation and goodwill.

75.     Vista's continued use of the ULTRA Family of Marks will cause irreparable injury to Ultradent.  Ultradent has no adequate remedy at law and is entitled to an injunction restraining Vista, its officers, agents, employees, and all persons acting in concert with Vista, from engaging in further acts of infringement.

76.     On information and belief, Vista's activities were taken with knowledge of Ultradent's rights, and thus constitute deliberate, willful, and intentional infringement.  As a result, Ultradent is entitled to treble damages pursuant to 15 U.S.C. § 1117, together with interest thereon, in an amount to be determined at trial.

77.     Ultradent is also entitled to recover its reasonable attorneys' fees and costs associated with this action pursuant to 15 U.S.C. § 1117(a).

93835349.2 0046867-00042

## FOURTH CAUSE OF ACTION
### (Trademark Infringement Under 15 U.S.C. § 1125(a))

78.     Ultradent incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

79.     Vista's actions as alleged herein constitute trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

80.     Ultradent owns all right, title and interest in the registered ULTRA Family of Marks.  The consuming public recognizes the ULTRA Family of Marks as being distinctive, and as identifiers of the high-quality products associated with Ultradent.

81.     Notwithstanding Ultradent's well-known prior rights in the ULTRA Family of Marks, Vista has used and continues to use the ULTRA Family of Marks in connection with competitive and related goods.

82.     On information and belief, Vista's use of the ULTRA Family of Marks in connection with goods that directly compete with Ultradent's goods has caused, and is likely to continue to cause, confusion, mistake, and/or deception as to the origin, sponsorship, or approval of the products Vista offers.

83.     Vista's use of the ULTRA Family of Marks is also likely to cause at least initial interest and other confusion among users and potential users of Ultradent's goods and services.

84.     Vista will continue, unless enjoined, to cause irreparable harm and injury to the goodwill and reputation of Ultradent.

85.     As a direct and proximate result of Vista's wrongful acts, Ultradent has suffered actual damages in an amount to be determined at trial.

16

86.     Ultradent is entitled to recover Vista's profits as provided under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a).  Ultradent is also entitled to recover its reasonable attorneys' fees and costs associated with this action pursuant to 15 U.S.C. § 1117(a).

## FIFTH CAUSE OF ACTION
### (Common Law Trademark Infringement)

87.     Ultradent incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

88.     Ultradent owns all right, title and interest in ULTRA Family of Marks.  The consuming public recognizes the ULTRA Family of Marks as being distinctive, and as an identifier of the high-quality products associated with Ultradent.

89.     Ultradent's ULTRA Family of Marks are arbitrary and have acquired secondary meaning.

90.     Notwithstanding Ultradent's well-known prior rights to the ULTRA Family of Marks, Vista uses and has used the ULTRA Family of Marks in connection with its products by selling products that directly compete with Ultradent's products.

91.     Vista's use of the ULTRA Family of Marks in connection with its products is likely to cause confusion, mistake, and/or deception as to the origin, sponsorship, or approval of such products.

92.     Vista's use of the ULTRA Family of Marks is also likely to cause initial interest and other confusion among Ultradent's existing and potential customers.

93.     Vista's actions constitute common law trademark infringement.

94.     Vista will continue, unless enjoined, to cause irreparable harm and injury to the goodwill and reputation of Ultradent.

17

95.     As a direct and proximate result of Vista's wrongful acts, Ultradent is entitled to actual damages in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (Trademark Infringement Under Utah Code § 70-3a-402)

96.     Ultradent incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

97.     Ultradent owns or is the exclusive licensee of valid registrations for the ULTRA Family of Marks as set forth above.

98.     Notwithstanding Ultradent's prior rights in the ULTRA Family of Marks, Vista uses and has used a reproduction, counterfeit, copy, and/or colorable imitation of the ULTRA Family of Marks without Ultradent's consent in connection with the sale, distribution, offering for sale, and advertising of similar products and services.

99.     On information and belief, Vista uses and continues to use the reproductions, counterfeits, copies, and/or colorable imitations of the ULTRA Family of Marks with the intent to deceive or to cause confusion or mistake.

100.    Vista's actions constitute trademark infringement in violation of Utah Code § 73-3a-402.

101.    As a direct and proximate result of Vista's wrongful acts, Ultradent has suffered damages in an amount to be determined at trial.

102.    On information and belief, Vista's activities were taken in bad faith or with knowledge of Ultradent's rights and thus constitute deliberate, willful, and intentional infringement.  Ultradent is therefore entitled to the remedies in Utah Code § 70-3a-404, including treble profits and/or damages, attorneys' fees, and costs.

**SEVENTH CAUSE OF ACTION**
**(Unfair Competition Under Utah Code § 13-5a-102(4))**

103.    Ultradent incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

104.    Vista is a competitor of Ultradent and has engaged in unfair competition under Section 13-5a-102(4) of the Utah Unfair Competition Act.

105.    Vista has engaged in unfair competition by intentionally infringing Ultradent's trade dress and ULTRA Family of Marks.

106.    Vista's acts and practices have led to a material diminution in value of Ultradent's intellectual property, including Ultradent's trade dress and ULTRA Family of Marks.

107.    As a direct and proximate result of Vista's conduct, Ultradent is entitled to recover actual damages in an amount to be proven at trial.

108.    Ultradent is also entitled to its attorneys' fees and pre- and post-judgment interest, as provided by law.

109.    Ultradent is entitled to punitive damages under Utah Code § 13-5a-103(1)(b)(iii) as a result of Vista's intentional, deliberate, and malicious conduct.

**EIGHTH CAUSE OF ACTION**
**(Intentional Interference with Economic Relations)**

110.    Ultradent incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

111.    On information and belief, Vista intentionally interfered with Ultradent's existing and potential economic relations by selling goods and services to customers who were lured to Vista's products by Vista's use of marks confusingly similar to the ULTRA Family of Marks.

19

112.     Vista's use of the ULTRA Family of Marks and VALO Trade Dress to attract customers constitutes improper means.

113.     As a direct and proximate result of Vista's wrongful acts, Ultradent has suffered and continues to suffer damages in an amount to be determined at trial.

114.     Based on the foregoing, Ultradent is entitled to declaratory, injunctive, and monetary relief against Vista, along with its attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Ultradent respectfully prays that this Court enter judgment against Vista as follows:

(A)     That Vista be ordered to account to Ultradent for Vista's gains, profits, and advantages and for any actual damages sustained by Ultradent arising from their acts of unfair competition, which damages include, without limitation, Vista's profits, trebled pursuant to 15 U.S.C. § 1117(b);

(B)     That Vista pay damages to compensate Ultradent for Vista's infringement of Ultradent's trademarks and trade dress, including Vista's profits, any damages sustained by Ultradent and any costs associated with bringing this action as provided in 15 U.S.C. § 1117;

(C)     That Vista pay actual damages in an amount determined at trial;

(D)     That Vista be preliminarily and permanently enjoined from any and all conduct constituting trademark or trade dress infringement;

(E)     That any trademark owned by Vista that infringes upon Ultradent's ULTRA Family of Marks be cancelled;

(F)     An award of reasonable attorneys' fees and costs incurred by Ultradent as

provided by 15 U.S.C. § 1117; and

(G)     That Ultradent be granted such other and further relief as this Court deems just in law and equity.

DATED:  August 23, 2016.

STOEL RIVES LLP


/s/ Timothy K. Conde
Timothy K. Conde
Joshua G. Gigger

Attorneys for Ultradent Products, Inc.

Plaintiff's Address:
505 West 10200 South
South Jordan, Utah 84095

93835349.2 0046867-00042